IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM ROBERT BARNES, | § | |
| #00860169, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-624-C-BK |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION DIV., | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner William Robert Barnes'

*pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United

States magistrate judge for case management, including the issuance of findings and a

recommended disposition where appropriate. As detailed here, the petition in this cause should

be **DISMISSED WITH PREJUDICE** as time barred.

## I.   BACKGROUND

A jury found Barnes guilty of the unauthorized use of a motor vehicle and assessed his

punishment at 25 years' confinement. *Barnes v. State*, No. F98–00470–LV (292nd Jud. Dist.

Ct., Dallas Cty., Tex., Mar. 25, 2002), *aff'd*, No. 05-02-00523-CR, 2003 WL 1090475 (Tex.

App.—Dallas, Mar. 13, 2003, pet. ref'd). After his release on mandatory supervision (parole),

Barnes' parole was revoked on May 4, 2016. Doc. 6 at 5; Doc. 19-3 at 14. Subsequently,

Barnes unsuccessfully sought state habeas relief. *Ex parte Barnes*, No. WR-26-468-02 (Tex.

Crim. App. Nov. 8, 2017) (denied without order); Doc. 20-12.  On March 16, 2018, he filed this

federal habeas petition, challenging the revocation of his parole.  Doc. 3; Doc. 6 at 6-7 (grounds

raised in Am. Pet.).

Respondent argues the petition is barred by the one-year statute of limitations.  Doc. 19.

Barnes has filed a reply in opposition.  Doc. 21.  Having now reviewed all the pleadings and the

applicable record, the Court concludes that the petition indeed is barred by the statute of

limitations.

## II.  ANALYSIS

### A.  One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. §

2244(d).  "Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole

decisions." *Stone v. Thaler,* 614 F.3d 136, 138 (5th Cir. 2010).  Under that section, the one-year

limitations period begins running on "the date on which the factual predicate of the claim or

claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. §

2244(d)(1)(D).  In the context of parole-revocation proceedings, the one-year period

commences on the date of the parole revocation. *Heiser v. Johnson,* 263 F.3d 162, 1001 WL

803542, at *2-3 (5th Cir. June 8, 2011) (unpublished) (concluding the latest a petitioner could or

should have been aware of his claims was when the Board of Pardons and Parole (BPP) revoked

his parole or mandatory supervision).

In this case, Barnes indicates the BPP formally revoked his parole on May 4, 2016.  Doc.

6 at 5; Doc. 19-3 at 14.  Absent any statutory tolling, the deadline for filing his federal habeas

corpus petition was May 4, 2017.  But Barnes did not sign his federal petition until March 12,

2018, more than ten months later.[1]  Doc. 3 at 10 (*Original Pet.*).  Contrary to his assertions, the

fact that the trial court amended his back-time credits *nunc pro tunc* on May 3, 2017, does not

change the date on which the "factual predicate" of his parole revocation claims could have been

discovered.  Doc. 21 at 2.[2]  Indeed, Barnes has not established any plausible connection between

his parole revocation and the time credit dispute.  *See* Doc. 21 at 10 (summarily arguing that "the

limitations period runs from the date the factual predicate of his ex post facto claims were

revealed by the Nunc Pro Tunc order wherein he was issued credit against his sentence from his

actual 8/27/96 offense date to his 3rd trial date of 3/23/2002 on May 9th, 2017.").

     Consequently, Barnes' petition is clearly untimely under Section 2244(d)(1)(D).

     **1.  Section 2244(d)(1)(B)**

     In an attempt to excuse his delay, Barnes invokes the provisions of 28 U.S.C. §

2244(d)(1)(B), asserting that he was "unable to obtain the audio tape recording of [the] hearing

or any of the hearing record" and that this "impediment" that "the State has created" prevented

timely filing.  Doc. 6 at 9.  However, to invoke Section 2244(d)(1)(B), Barnes must show that:

"(1) he was prevented from filing a petition (2) by State action (3) in violation of the

Constitution or federal law."  *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  These

requirements imply an element of causality and materiality with respect to a prisoner's ability to

file his federal petition.  *See Upchurch v. Thaler*, No. 3-10-CV-0987-D, 2011 WL 1422728, *3-4

---

[1] Barnes' federal petition is deemed filed on March 12, 2018, the date he certified it was placed
in the prison mail system.  Doc. 3 at 10; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254
PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal
mailing system).

[2] The May 3, 2017 order *nunc pro tunc* in Case No. F9800470 is available on the online docket
sheet at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed
on June 30, 2020).

(N.D. Tex. Jan. 28, 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Barnes "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original). Here, Barnes has not and cannot make the requisite showing.

Barnes' merely asserts that his lack of access to the hearing audio recording and records prevented him from filing his federal petition within the one-year limitations period is conclusory. However, he has not alleged a causal link between the purported denial of access to the hearing recording or records and his inability to file a timely federal petition. His pleadings are also completely silent as to how the alleged circumstances prevented him from filing a timely section 2254 petition. Moreover, Barnes was not prevented from prophylactically filing a timely federal petition and seeking a stay of the one-year limitations period. *See Madden v. Thaler*, 521 F. App'x 316, 321 (5th Cir. 2013) (per curiam) (collecting cases noting that a petitioner facing a lengthy delay could file a protective federal petition and seek a stay).

Under these circumstances, the Court concludes that Barnes cannot establish a state created impediment under Section 2244(d)(1)(B).

### 2. Section 2244(d)(2)

Barnes also asserts that he filed a "motion to reopen hearing and/or reinstate supervision" on June 20, 2016, which was denied on August 24, 2016. Doc. 21 at 2. However, to the extent Barnes suggests that his motion to reopen the parole hearing constitutes "other collateral review" under 28 U.S.C. § 2244(d)(2) and that the limitations period should be tolled on that basis, his argument is unsupported and unpersuasive.

Statutory tolling is appropriate any time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). Moreover, a state law that "impedes a prisoner's ability to file for state habeas relief can serve to toll the AEDPA's limitations period. *Stone*, 614 F.3d at 138 (citing *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009)). However, the limitations period is not tolled while a petitioner pursues a state remedy that is *unnecessary* for filing a state habeas application. *Wion*, 567 F.3d at 148.

Barnes cites no rule or procedure that prescribes the filing of a motion to reopen. And this Court previously found that no state law or BPP's rule "requires a prisoner to file a motion to reopen with the BPP before he can file a state habeas application challenging his parole revocation." *See Buckley v. Davis*, No. 3:19-CV-537-N-BK, 2019 WL 8138070, at *2 (N.D. Tex. Nov. 17, 2019), *R. & R. accepted*, 2020 WL 1047929, at *1 (N.D. Tex. Mar. 4, 2020) (citing *Aleman v. Thaler*, No. C–11–379, 2012 WL 2732270 (S.D. Tex. June 13, 2012) ("[N]othing in [37 Tex. Admin. Code] § 146.11 makes such a request to reopen a pre-condition for filing a state habeas application."); *Johnson v. Quarterman,* No. 4:08-CV-461-A, 2009 WL 1659643 (N.D. Tex. June 11, 2009) (unpublished) ("[W]hile a prisoner who wishes to challenge a parole revocation may request that the Board reopen the revocation hearing, he is not required to do so and may immediately challenge the revocation by filing a state application for writ of habeas corpus." (citations omitted))). Thus, the pendency of Barnes' discretionary motion to reopen does not toll the one-year limitations period under Section 2244(d)(2).

Likewise, because Barnes did not sign his state application until July 27, 2017, more than two months after the federal limitations period expired on May 4, 2017, he is not entitled to

statutory tolling under Section 2244(d)(2).[3]  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Consequently, this federal habeas action, deemed filed on March 12, 2018, is clearly outside the one-year limitations period, absent equitable tolling.

### B.  Equitable Tolling

Barnes' filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)).  *Menominee Indian Tribe of Wis. v. United States*, — U.S. —, 136 S. Ct. 750, 756 (2016) (reaffirming "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control") (emphasis in original). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances."  *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  It is well established that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (concluding "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Furthermore, this is not a case in which Barnes pursued "the process with diligence and alacrity."  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).  As previously

---

[3] The state application is deemed filed on July 27, 2017, the date on which Barnes indicated it was signed and, therefore, likely it was also handed to prison officials for mailing.  *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application); Doc. 20-15 at 40.

noted, he wasted the entire one-year federal limitations period by waiting more than 14 months after his parole was revoked to file his state habeas application. That Barnes erroneously believed that the period for filing began to run only after his motion to reopen the parole revocation hearing was denied is of no moment. Neither Barnes' *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder*, 204 F.3d at 171 ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Consequently, Barnes has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

**SO RECOMMENDED** on July 2, 2020.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).